UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

TONY BLACKMAN,

    Plaintiff,

v.

E. MAZARIEGO; et al.,

    Defendants.

No. C 07-2021 SI (pr)

**ORDER OF DISMISSAL**

## INTRODUCTION

Tony Blackman, an inmate at Salinas Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. The action originally was filed in the Eastern District of California and was later transferred to this district because this district was the proper venue for Blackman's challenge to the conditions of confinement at Salinas Valley. After the action was transferred to this district, Blackman filed an amended complaint. The amended complaint is hardly a model of clarity but appears to assert two claims: (1) defendant Mazariego unlawfully confiscated Blackman's inmate appeals on two occasions and (2) defendant trust account officer Gallardo failed to provide a signed and dated form for an in forma pauperis application on two occasions. The amended complaint is now before the court for initial review under 28 U.S.C. § 1915A.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

The problem here is that Blackman has once again alleged the same sort of claims that the court has repeatedly explained to him are not actionable under § 1983. His first claim concerns the unlawful confiscation of his inmate appeals. As this court has repeatedly explained, there is no claim for relief under 42 U.S.C. § 1983 for the mishandling of inmate appeals. See Order Of Dismissal With Leave To Amend in Blackman v. Variz, C 06-7625 SI ("Blackman's focus on the confiscation of inmate appeals is inexplicable as the court has explained twice to him that there is no claim for relief under 42 U.S.C. § 1983 for the mishandling of inmate appeals."); Order Of Dismissal in Blackman v. Medina, C 05-5390 SI; Order Of Dismissal in Blackman v. Variz, C 06-6398 SI. The claim for relief for confiscated inmate appeals is dismissed. Likewise, the mere failure to provide a form for an in forma pauperis application is not actionable. .

Construing the amended complaint liberally, it may be that Blackman is trying to plead a claim for denial of access to the courts. The problem with such a claim is that it is deficient and deficient in the same way that the court has repeatedly explained to Blackman:

> Giving the amended complaint an extremely liberal construction, it may be that Blackman is trying to plead a claim for denial of access to the courts, but that claim also is deficient. As the court has explained twice to Blackman in the same two earlier cases [i.e., Case

2

Nos. C 05-5390 SI and C 06-6398 SI], a constitutional right of access to the courts does exist, but to establish a claim for any violation of the right of access to the courts, the prisoner must show that there was an inadequacy in the prison's legal access program that caused him an actual injury. See Lewis v. Casey, 518 U.S. 343, 350-51 (1996). To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting a non-frivolous claim concerning his conviction or conditions of confinement. See id. at 355. Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the prison's services that he was unable even to file a complaint. See id. at 351. Mere delay in filing papers would not be enough, for example, if they were nevertheless timely filed or accepted and considered by the court. See Hudson v. Robinson, 678 F.2d 462, 466 (3d Cir. 1982). Here, no actual injury was identified.

Order Of Dismissal With Leave To Amend, p. 2, in Blackman v. Variz, No. C 06-7625 SI. That order was sent to Blackman just five weeks before he sent in his amended complaint in this action. Notwithstanding the court's explanation that an actual injury had to be identified for a denial of access to the courts claim, Blackman made no effort to do so in the amended complaint in this action. Leave to amend will not be granted because it would be futile. The court has repeatedly explained the need to allege an actual injury in a denial of access to the courts claim, and Blackman has nonetheless failed to allege such an injury in his amended complaint here. There is no reason to think that Blackman will cure the deficiency if given further guidance.[1]

Finally, not only is a claim not stated, but at least part of the claim appears to be duplicative of an earlier filed pleading. Here, Blackman alleges that one of the inmate appeals

---

[1] Blackman's failure to learn from court guidance also is evidenced by his repeated filing of actions in the wrong venue. When he challenged the conditions of prisons in the Eastern District, he repeatedly filed the actions in the Northern District, necessitating repeated venue transfers. After transferring four actions to the Eastern District, this court dismissed other actions. See Order Of Dismissal in Blackman v. Ortiz, C 05-908 SI.

Once he began challenging conditions in a prison (i.e., Salinas Valley) in the Northern District, Blackman switched and began filing his actions in the Eastern District, requiring that court to transfer the actions to this court. At least eight actions have been transferred from the Eastern District to the Northern District. See, e.g., Blackman v. Medina, C 05-5390 SI; Blackman v. Medina, C 06-5941 SI, Blackman v. Variz, C 06-6398 SI, Blackman v. Variz, C 06-7625 SI, Blackman v. Ponder, C 07-330 SI; Blackman v. Mazariego, C 07-2021 SI; Blackman v. Mantel, C 07-2609 SI; Blackman v. Jurado, C 07-2811 SI. In each case, the venue transfer order explained that the proper venue for a challenge to a prison condition was the district in which the prison was located. There is no legitimate reason for Blackman to continue to challenge the conditions at Salinas Valley by filing actions in the Eastern District.

was confiscated on November 5, 2006. That repeats one of the allegations in his amended complaint in <u>Blackman v. Variz</u>, No. C 06-7625 SI. A complaint that duplicates a claim made in an earlier case is frivolous. <u>See</u> <u>Cato v. United States</u>, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); <u>Bailey v. Johnson</u>, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious).

## CONCLUSION

For the foregoing reasons, this action is dismissed without leave to amend because the amended complaint fails to state a claim upon which relief may be granted. The clerk shall close the file.

IT IS SO ORDERED.

Dated: September 5, 2007

_____
SUSAN ILLSTON
United States District Judge

4